**Thomas and Patricia EPPERS,
Debtors/Appellants,**

v.

**FIRST INTERSTATE BANK OF
ROSWELL, Creditor/Appellee.**

Civ. No. 83–1355 HB.

United States District Court,
D. New Mexico.

Jan. 10, 1984.

Daniel J. Behles, Albuquerque, N.M., for debtors/appellants.

E. Ray Phelps, Roswell, N.M., for creditor/appellee.

Gary B. Ottinger, Trustee.

MEMORANDUM OPINION AND ORDER

BRATTON, Chief Judge.

This appeal from the Bankruptcy Court raises an issue concerning the application of the good faith requirement for discharges under Chapter 13. 11 U.S.C. § 1325(a)(3). The Bankruptcy Court denied confirmation of the Debtors' Chapter 13 Plan and they appeal. Having considered the authorities, the arguments of the parties and the entire record, the court finds that the Judgment of the Bankruptcy Court should be affirmed.

Prior to filing the Chapter 13 Petition Debtor Thomas Eppers obtained a number of loans from the First Interstate Bank in Roswell. Eppers represented to the Bank that the loans were to be used for the purchase of livestock and would be secured by the livestock. In fact, the loans were never used to buy livestock. The loans would be non-dischargeable in a Chapter 7 Bankruptcy proceeding.

Although the Bankruptcy Court found that the Debtors' proposed Plan represented their best efforts, it held that the Plan did not meet the requirements of 11 U.S.C. § 1325(a)(3) because it was not proposed in good faith. In *Flygare v. Boulden,* 709 F.2d 1344 (10th Cir.1983) the Court held that the issue of good faith is to be decided after weighing all the facts and circumstances of a case. The Circuit Court listed eleven factors relevant to the determination of good faith, remarking that the weight given each factor will vary with the facts and circumstances. 709 F.2d at 1347–1348. One of the factors listed is "the type of debt sought to be discharged and whether any such debt is non-dischargeable in Chapter 7." Debtors contend that the Bankruptcy Court looked exclusively at Thomas Eppers's conduct in obtaining the loans, ignoring all other factors.

The Bankruptcy Court held two hearings on the Bank's objections to confirmation of the Plan. Although he did not have the benefit of the 10th Circuit's opinion in *Flygare,* in the ruling on rehearing the Bank-

ruptcy Judge made it clear that he was applying a definition of good faith which entailed consideration of a number of similar factors and could be applied only on a case by case basis. There is evidence in the record relevant to those factors listed in *Flygare* which are germane to the facts of this case. Simply because the Judge gave considerable weight to the factor concerning the type of debt to be discharged does not indicate that he failed to consider any other factor. The record patently refutes such a suggestion.

Debtors point out that dishonesty in incurring a debt can never, by itself, be grounds for a finding of bad faith else no Chapter 13 plan including a debt non-dischargeable in a Chapter 7 proceeding could be approved, while Congress apparently intended otherwise. The Bankruptcy Judge, however, denied confirmation of the Eppers' Plan without prejudice to the filing of an amended Plan. At both hearings the Judge stated that his findings and conclusions as to the Plan before him should not be construed as a finding that it would be impossible for the Eppers to propose a plan which would be confirmed. Obviously, the Judge did not apply a per se rule.

The Bankruptcy Court applied the proper test for good faith pursuant to 11 U.S.C. § 1325(a)(3). Under any standard of review its decision is supported by the evidence. Now, Therefore,

IT IS BY THE COURT ORDERED that the Judgment of the Bankruptcy Court is affirmed.